UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO AMARAL,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>　　　　　　　Defendants. | Case No.: 17-cv-02409-L-JMA<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

Pending before the Court in this action for violation of constitutional rights by police officers is the City of San Diego's ("City") motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed an opposition, and the City replied. The Court decides this matter on the briefs without oral argument. *See* Civ. L. R. 7.1(d.1). For the reasons stated below, the City's motion is granted with leave to amend.

**I.　BACKGROUND**

According to the allegations in the complaint, on November 9, 2016, Plaintiff Marco Amaral witnessed four police officers beating a prone man who had been participating in an anti-Trump protest. After shouting several times at the officers to stop hitting the individual, Plaintiff was tackled by a police officer, Defendant FNU Williams ("Williams"), with such force that he landed in a parking lot nearby and hit his head on

1

the ground, losing consciousness. An unidentified officer then took Plaintiff's keys and placed him in the back of a police vehicle. Plaintiff, drifting in and out of consciousness, kicked at the door requesting medical attention. Another unidentified police officer opened the door and ordered Plaintiff to exit the vehicle. Plaintiff, having recently had undergone surgery on his left knee, could only bear weight on his right leg. He was forced to stand on one leg for approximately 20 minutes, until he lost consciousness again and fell. Plaintiff waited approximately an hour and a half for an ambulance to arrive. At the hospital, he received treatment for a concussion, broken collar bone and broken ribs. The police officers involved were not disciplined for their use of force on Plaintiff.

Based on these allegations, Plaintiff filed the instant action alleging violation of his rights under state and federal law against the City of San Diego, chief of the San Diego Police Department, Shelley Zimmerman, and officer Williams. The Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff alleges a federal claim under 42 U.S.C. § 1983. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). The City moves to dismiss under Rule 12(b)(6) the eighth through twelfth causes of action to the extent they are asserted against the City.

## II. DISCUSSION

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory, yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). Even if doubtful in fact,

factual allegations are assumed to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks and citation omitted). On the other hand, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

Generally, the Court does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Instead, the allegations "must be enough to raise a right to relief above the speculative level." *Id.* Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

"Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

### A. Negligence

In the eighth cause of action Plaintiff alleges that the City "failed to act with ordinary care in failing to properly train and supervise [its] officers with respect to proper procedures on detention and arrest of citizens; and the use of force in effectuating detentions and arrests." (Compl. at 12.) Defendant argues this claim should be dismissed

because "there is no common law governmental liability" in California. (Mot. at 9, quoting *Datil v. City of Los Angeles,* 263 Cal.App.2d 655, 660 (1968).) To allege a cause of action against a public entity, there must be a statutory basis for the claim. S*ee* Cal. Gov't Code § 815. Plaintiff has not alleged any such statutory basis.

Plaintiff counters that in his eighth cause of action is an alternative to his tenth cause of action. (Opp'n at 8.) The tenth cause of action is a 42 U.S.C. § 1983 claim for failure to train. He claims that he is asserting his eighth cause of action for negligence under a different federal statute, and not under state law, as assumed by the City. Plaintiff does not elaborate and does not state which federal statute provides the basis for his eighth cause of action. (*See id.*) Accordingly, the City's motion to dismiss the eighth cause of action is granted.

The Court must next consider whether Plaintiff should be granted leave to amend. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, *Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Rule 15 advises leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks and citation omitted). Dismissal without leave to amend is not appropriate unless it is clear the complaint cannot be saved by amendment. *Id.* In order to give Plaintiff an opportunity to identify the federal statute he claims supports his eighth cause of action, leave to amend is granted.

/ / / / /

**B.     *Monell* Liability**

The City also moves to dismiss the ninth through twelfth causes of action, all of which are asserted under 42 U.S.C. § 1983, based on *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Although section 1983 does not provide for *respondeat superior* liability, *Monell*, 436 U.S. at 691, a municipality can be found liable for the actions of its agents where (1) the constitutional violation at issue is the product of a policy, practice, or custom of the municipality; (2) a municipal policy maker ratifies the action; or (3) the action is the product of a failure to train.  *See id.*; *see also Fuller v. City of Oakland, Cal.*, 47 F.3d 1522, 1534 (9th Cir. 1995); *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  Plaintiff's claims are based on the City's alleged policy, practice or custom, and on its alleged failure to train police officers.

1.     Failure to Properly Screen and Hire

In his ninth cause of action Plaintiff alleges that as a matter of custom, practice and policy, the City was deliberately indifferent to his constitutional rights by failing to adequately screen and hire the defendant employees.  Deliberate indifference can only be found "where adequate scrutiny of an applicant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right."  *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 411 (1997).  The complaint fails to provide any facts about the City's hiring practices or allege any facts about Williams' background to support the allegation that the City was "deliberately indifferent" in its hiring process.  Conclusory statements about inadequate hiring practices are insufficient to establish *Monell* liability.  *See Iqbal*, 556 U.S. at 681.  Accordingly, the City's motion to dismiss the ninth cause of action is granted.

The Court next considers whether Plaintiff should be granted leave to amend.  "[I]n dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal quotation marks and citation omitted). Because Plaintiff may be able to allege facts in support of his theory of the City's failure to properly screen and hire, he is granted leave to amend.

    2.    <u>Failure to Properly Train</u>

In the tenth cause of action Plaintiff alleges that as a matter of custom, practice and policy, the City failed to adequately train police officers on the protocol, procedure and use of force in effecting arrests and detentions, and that the failure to train was deliberately indifferent to Plaintiff's constitutional rights.

> Only where a municipality's failure to train its employees in a relevant respect evidences a deliberate indifference to the rights of its inhabitants can such a shortcoming be properly thought of as a city policy or custom that is actionable under § 1983… In resolving the issue of a city's liability, the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform. That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city…

*Harris*, 489 U.S. at 389-390 (internal quotation marks omitted).

Plaintiff does not plead any facts about any deficiency in the police officers' training program, nor does he allege any facts indicating a policy or custom of excessive force on the part of the City's police department beyond the single instance alleged in the complaint. Plaintiff's formulaic recitation of the elements of the claim is insufficient to survive a motion to dismiss. *See Twombly,* 550 U.S. at 555.

The City's motion to dismiss the tenth cause of action is granted. Because it may be possible for Plaintiff to allege facts in support of his claim, he is granted leave to amend.

    3.    <u>Failure to Supervise and Discipline</u>

In the eleventh cause of action Plaintiff alleges that as a matter of custom, practice and policy, the City failed to supervise police officers to prevent, deter and punish unconstitutional and excessive use of force. Plaintiff further asserts upon information and belief, that the City knew or should have known of Williams' dangerous propensities but took no steps to supervise him, correct his abuse of authority, or discourage his

abusive behavior. He further alleges that the City condoned and acquiesced in the abusive behavior by refusing to retrain, discipline or correct abusive behavior.

Plaintiff relies on the single incident alleged in the complaint to argue that the City had a custom or policy of failing to supervise and discipline. The complaint does not allege any prior incidents of failing to discipline police officers for excessive use of force. As such, Plaintiff failed to plead sufficient factual content that would allow the Court to "draw the reasonable inference" that the City had a custom or policy of failing to supervise and discipline its officers. *Iqbal*, 556 U.S. at 678; *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker").

Accordingly, the City's motion to dismiss the eleventh cause of action is granted. Because it may be possible for Plaintiff to allege facts in support of his claim for failure to supervise or discipline, leave to amend is granted.

4. Policy of Use of Excessive Force

In the twelfth cause of action, Plaintiff alleges that the City maintained an unconstitutional policy which allowed its police officers to use excessive force in violation of the rights of the citizens, and that the City was deliberately indifferent to this allegedly widespread practice.

To establish liability based on a municipal policy, practice or custom, the plaintiff must show that "a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal quotation marks and citations omitted).

Plaintiff's allegations about the City's policy of allowing police officers to use excessive force are vague and conclusory. They are bare recitals of the elements of the claim without providing a factual basis for the existence of such a policy. In addition, a

single incident of excessive force alleged in the complaint is insufficient to allege the City's liability under *Monell*. *See Tuttle,* 471 U.S. at 823-24; *see also Rivera v. Cnty. of L.A.*, 745 F.3d 384, 389 (9th Cir. 2014) (explaining that a single instance of excessive force by an officer is not sufficient to show that a "practice is so widespread as to have the force of law."); *Iqbal*, 556 U.S. at 556.

Accordingly, the City's motion to dismiss the twelfth cause of action is granted. Because Plaintiff may be able to allege facts in support of his claim that the City had an unconstitutional policy to allow police officers to use excessive force, leave to amend is granted.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the City's motion to dismiss is granted. The eighth through twelfth causes of action are dismissed to the extent they are asserted against the City. Plaintiff is granted leave to amend. Should Plaintiff choose to amend, he must file and serve the amended complaint, if any, no later than **August 2, 2018**. The City shall file and serve a response, if any, no later than the time provided in Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED.**

Dated: July 5, 2018

Hon. M. James Lorenz
United States District Judge