UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO AMARAL,<br><br>                        Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, ET AL.<br><br>                      Defendants. | Case No.: 17-cv-02409-L-LL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CITY OF SAN DIEGO'S MOTION** |

      Pending before the Court in this action for violation of constitutional rights by police officers is the City of San Diego's ("City") motion to strike punitive damages and to dismiss the complaint against defendant FNU Williams ("Williams") for failure to effect timely service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff filed an opposition and the City replied. The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1.d.1. For the reasons stated below, the City's motion is granted in part and denied in part.

      According to the allegations in the complaint, on November 9, 2016, Plaintiff Marco Amaral witnessed police officers beating a prone man at a protest. After shouting several times at the officers to stop hitting the individual, Plaintiff was allegedly tackled by Williams with such force that he landed in a parking lot nearby and hit his head on the ground, losing consciousness. Plaintiff was then ordered in the back of a police vehicle.

1

Having recently had surgery on his left knee, Plaintiff could only bear weight on his right leg. When he was ordered to exit the vehicle, he was forced to stand on one leg for approximately 20 minutes, until he lost consciousness again and fell. Plaintiff waited approximately an hour and a half for an ambulance to arrive. At the hospital, he received treatment for concussion, broken collar bone and broken ribs.

Based on these allegations, Plaintiff filed the instant action alleging civil rights violations and state law claims against the City of San Diego, chief of the San Diego Police Department, Shelley Zimmerman, and officer Williams. The Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff alleges federal claims under 42 U.S.C. § 1983, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

The City's motion to dismiss the initial complaint was granted to the extent that all but one claim alleged against the City were dismissed. (Doc. no. 8.) Plaintiff was granted leave to amend, but filed a Notice of Intent Not to File an Amended Complaint. (*Id.* & doc. no. 9.) He also voluntarily dismissed all claims against defendant Shelley Zimmerman. (Doc. no. 10.)

The City moves to strike the prayer for punitive damages. The last remaining claim alleged against the City is in his thirteenth cause of action for violation of the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1. (Doc. no. 1 at 18.) The City argues that pursuant to California Government Code § 818, punitive damages are not available as a matter of law. Plaintiff does not oppose the City's motion to strike. (Doc. no. 14 at 2.) Accordingly, the City's motion to strike is granted as unopposed. *See* Civ. Loc. Rule 7.1.f.3.c.

The City next moves pursuant to Rule 4(m) to dismiss this action against Williams for lack of service of process. In pertinent part, Rule 4(m) provides:

> **Time Limit for Service**. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows

2

17-cv-02409-L-LL

good cause for the failure, the court must extend the time for service for an appropriate period. . . .

This action was filed on November 30, 2017. So far, Plaintiff has not filed a proof of service of process. Accordingly, the ninety day time period for service has long passed.

Plaintiff opposes the motion arguing the City lacks standing to bring this motion on behalf of another defendant. (Doc. no. 14 at 4.) The City counters that Rule 4(m) does not have any limiting language on who can bring a motion, and that Rule 4(m) provides that the Court can dismiss on its own motion. (Doc. no. 15 at 2.)

As a general rule, federal courts only allow litigants to assert their own legal rights and interests, not the legal rights and interests of third parties. *See Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004); *see also Morris v. Barra*, U. Dist. Ct. S.D. Cal., case no. 10cv2642-AJB (BGS), doc. no. 247 at 2 (Apr. 17, 2013) (citing *Flast v. Cohen,* 392 U.S. 83, 99 n.20 (1968)). The City lacks standing to bring the instant motion on behalf of Williams. The City's motion is therefore denied for lack of standing.

However, the Court may *sua sponte* dismiss the action or extend time for service. *See* Fed. R. Civ. Proc. 4(m). Plaintiff contends that he has not served Williams because he needs discovery. Plaintiff has not provided any information about his efforts to locate or serve Williams to date, has not requested an extension of time to serve, and has not requested discovery. Nevertheless, in the interest of justice, the time for Plaintiff to file a proof of service of process is extended until **May 15, 2019**. The Court is not inclined to provide any additional extension of time without a showing of Plaintiff's diligence in his efforts to locate and timely serve Williams.

For the foregoing reasons, it is ordered as follows:

1. The City's motion to strike punitive damages sought against the City is granted, and its motion to dismiss for untimely service of Williams is denied.

2. No later than **February 15, 2019**, the parties shall jointly contact the chambers of the assigned Magistrate Judge to schedule an early neutral evaluation conference.

3. No later than **May 15, 2019**, Plaintiff shall file a proof of service of process on Defendant Williams. Failure to timely comply with this order may result in dismissal.

**IT IS SO ORDERED.**

Dated: February 11, 2019

_____
Hon. M. James Lorenz
United States District Judge