UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO AMARAL, an individual,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:17-cv-2409-L-LL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO RETAX COSTS (DOC. NO. 63)** |

Pending before the Court is Plaintiff's motion to retax costs. Defendants opposed, and Plaintiff replied. The Court decides the matter on the papers submitted without oral argument. *See* Civ. L. R. 7.1. For the reasons stated below, the Court **GRANTS** the motion.

On March 31, 2021, the Court granted Defendants' summary judgment motion on the federal claims and dismissed without prejudice the state law claims. (Doc. No. 51). Defendants submitted a bill of costs. (Doc. No. 53). The Clerk issued an order taxing $4,967.65. (Doc. No. 62). Plaintiff filed a motion to retax costs. (Doc. No. 63).

There is a strong presumption that prevailing parties will recover costs. *See* Fed. R. Civ. P. 54; *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 n.12 (9th Cir. 2003). But the Court has discretion to refuse to award costs. *Save Our Valley*, 335 F.3d at 945 n.12. "Appropriate reasons for denying costs include: (1) the substantial public

1

importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016). "This is not an exhaustive list of 'good reasons' for declining to award costs, but rather a starting point for analysis." *Id.*

Here, Plaintiff raised important issues related to the Fourth Amendment's limits on police conduct. The case also involved the scope of qualified immunity. *See, e.g., Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1080 (9th Cir. 1999) (noting it is important for civil rights litigants to test legal boundaries). And individual cases – which might seem to have no major implications outside themselves – can support *Monell* liability in later cases. *See, e.g., Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). The first factor weighs against the award.

The Court did not rule on the merits of the state law claims. And it did not determine whether a constitutional violation related to the unlawful force claim occurred. Instead, the decision rested on qualified immunity's second prong, whether the right was clearly established. That legal area is complex and presents difficult questions. But Plaintiff's unlawful arrest/detention claims lacked merit. The second factor is more neutral.

The award – $4,967.65 – is significant. For instance, it is about 1.3 times Plaintiff's monthly after-tax pay. (Doc. No. 63). The award might discourage meritorious civil rights claims. This is especially true for section 1983 cases where the plaintiffs seek only nominal damages or have minor actual damages. Several potential litigants would not risk losing their ability to pay expenses for more than a month – even if they had a meritorious claim. The third factor weighs against the award.

Plaintiff is a teacher. (Doc. No. 63). He earns a modest income, making about $3,830 after-tax each month. *Id*. His expenses equal or exceed that amount. *Id*. Plaintiff also has over $60,000 in consumer debt and student loans. *Id*. The award would have a significant impact on his financial status. The fifth factor weighs against the award.

The City of San Diego has significant resources. However, its finances are not unlimited. And the presumption under the Federal Rules applies to any prevailing party. But the award would have a significantly greater impact on Plaintiff. The sixth factor weighs against the award.

Overall, Plaintiff rebutted the presumption. It would be inappropriate and inequitable to award costs. The Court therefore **GRANTS** the motion. Defendants **SHALL NOT** recover costs in this case.

**IT IS SO ORDERED.**

Dated: July 7, 2021

Hon. M. James Lorenz
United States District Judge